UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRICE PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00346-JPH-MG |
| | ) | |
| RUSSELL TOLBERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Brice Price is a prisoner currently incarcerated at Putnamville Correctional Facility ("PCF"). He filed this civil action alleging that the defendants violated his rights when he was exposed to COVID-19. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Price sues (1) Russell Tolbert; (2) Warden Zatecky; (3) Officer Crabb; (4) Lieutenant Kirkland; (5) Captain Steklar; (6) Officer Sears; (7) Sergeant Barnes; (8) Officer Deardorff; (9) Officer Switzer; (10) Casework Manager Madden; (11) Casework Manager Edwards; (12) Nurse Dee; (13) Nurse Michelle; (14) Nurse Forquer; (15) Nurse Nicole; (16) Classification Director Murray; (17) Wexford Health Source Inc.; (18) Putnamville Correctional Facility; (19) the Indiana Department of Correction; and (20) the State of Indiana.

Mr. Price alleges that, on September 18, 2020, Officer Tolbert coughed several times in his exposed face, stating, "What you gonna do?" Mr. Price told Officer Sears about the incident and asked to be separated from Officer Tolbert, explaining that he suffers from schizophrenia and that the incident caused him serve anxiety and paranoia. He also told Lieutenant Kirkland and Captain Steklar about the incident.

Mr. Price began to feel sick the next day.  He informed Officer Deardorff and requested to be tested for COVID, but his request was denied. Mr. Price also asked Nurse Dee to test him, but she told him to fill out a medical slip and put it in the mailbox. Mr. Price told Nurse Dee that such a request would be delayed because it was Friday night and mail was not picked up until Sunday night. Nurse Dee told him to get away from her desk.

On September 20, 2020, Mr. Price asked Nurse Michelle to test him, but she told him he did not have COVID and to get away from her desk.

Two days later, Mr. Price told counselor Ms. Grube about these incidents, and she sent him to the Health Care Unit to be tested. He was told that it would take up to 48 hours to receive the

results. Mr. Price was then placed in a holding cell with several COVID-positive inmates. Officer Switzer told him that he was not supposed to be in a cell with COVID-positive inmates, but that she could not do anything about it. Mr. Price later asked Casework Manager Madden, Nurse Forquer, Sergeant Barnes, Nurse Nicole, and Casework Manager Edwards for assistance, but they did nothing.

Mr. Price's COVID-19 test came back positive on September 24, 2020.[1]

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

#### A. Claims that are Dismissed

First, any claim against Putnamville Correctional Facility is dismissed. Mr. Price's claims are brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (*citing West v. Atkins*, 487 U.S. 42, 48 (1988)). Putnamville Correctional Facility is a building, not a suable entity under 42 U.S.C. § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018). Similarly, any claim against the State of Indiana or the Indiana Department of Correction must be dismissed because these entities also are not "persons" under § 1983. *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (the state is not a "person" that can be sued under 42 U.S.C. § 1983); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–70 (1989)).

---

[1] The complaint asserts that the positive test result occurred on September 24, 2024, but the Court understands this to be a typo.

In addition, any claim against Warden Zatecky is dismissed. Mr. Price alleges that Warden Zatecky "failed to take control of the severe situation . . . once he was alerted to it" and failed to train officers "on what to do when someone is assaulted by an officer with bodily fluid during pandemic." Dkt. 2 at 5. But there is no specific allegation that the Warden personally participated in the alleged actions. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly."); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."). While Mr. Price alleges that the Warden was alerted to the situation, he doesn't state specifically how or when the Warden was made aware. And, even if he had, "inaction following receipt of a complaint about someone else's conduct is [insufficient]" to allege personal involvement. *Estate of Miller ex rel. Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). Further, while Mr. Price alleges that Warden Zatecky provided inadequate training, "[s]upervisors may be liable under § 1983 for a failure to train, but the circumstances are extremely limited. Negligence, or a 'should have known' standard, is not enough. Rather, the plaintiff must show that the defendant knew that his failure to train was likely to lead to constitutional violations." *Ghashiyah v. Frank*, No. 07-C-308-C, 2007 WL 5517455, at *2 (W.D. Wis. Aug. 1, 2007) (citing *Kitzman–Kelley v. Warner*, 203 F.3d 454, 459 (7th Cir. 2000), and *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)). Ultimately, a plaintiff must show that the official knew that his training was inadequate to handle a particular situation and that a constitutional violation was likely without improvements. *Kitzman–Kelley v. Warner*, 203 F.3d 454 (7th Cir. 2000); *Robles v. City of Fort Wayne*, 113 F.3d 732 (7th Cir. 1997). Because Mr. Price has made no such allegations, he has not stated a claim against Warden Zatecky.

4

Next, Mr. Price's claims against defendants Sears, Kirkland, Steklar, and Crabb are dismissed. Mr. Price alleges that Officer Sears disregarded his post-cough request to be separated from Officer Tolbert and his request to be tested for COVID. He also alleges that he told all of these defendants about the incident with Officer Tolbert and none of them took any action. In other words, Mr. Price alleges that he made these defendants aware that he may have been exposed to COVID and they did not act. Because Mr. Price was a convicted prisoner at the time of his allegations, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). For an inmate to state an Eighth Amendment claim under § 1983 for medical mistreatment, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As to the first element, a "medical condition is serious if it 'has been diagnosed by a physician as mandating treatment' or 'is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Perry v. Sims*, 990 F.3d 505, 511 (7th Cir. 2021) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). While Mr. Price alleges that these defendants knew he was exposed to COVID, this is not sufficient to raise an inference that they were aware that he required a physician's treatment. Mr. Price therefore has not stated a claim against these defendants.

Similarly, Mr. Price's claims that defendants Dee, Deardorff, and Michelle knew he was sick but failed to provide him medical care are dismissed. Mr. Price alleges that he told these

defendants that he was experiencing shortness of breath and coughing and that he believed he had been exposed to COVID. But, again, these allegations are insufficient to state a claim that these defendants knew Mr. Price required medical treatment, rather than rest and palliative care. *See Perry*, 990 F.3d at 511. Accordingly, Mr. Price has failed to state a claim against these defendants.

Mr. Price's claims that defendants Switzer, Madden, Edwards, Forquer, Murray, Barnes, and Nicole either placed him with COVID-positive inmates or denied his request to be separated from COVID-positive inmates are dismissed. Mr. Price alleges that he was tested for COVID before he was placed with positive inmates and that test later returned a positive result. Therefore, Mr. Price already had contracted COVID before he was placed with other COVID-positive inmates. Accordingly, even if these defendants did disregard a risk to his safety, he cannot show that these actions caused him injury. *See Whitlock v. Bureggemann*, 682 F.3d 567, 582 (7th Cir. 2012) ("Causation is a standard element of tort liability.").

Finally, Mr. Price's claims against Wexford Health Source are dismissed. Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (internal citations omitted). Mr. Price alleges that Wexford violated his rights by failing to train its staff on how to properly cohort symptomatic inmates and by requiring inmates to fill out medical care request

slips. But, because Mr. Price has failed to state a claim that he received unconstitutionally poor medical care, he has likewise failed to state a claim that Wexford is liable. *See Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 830 (7th Cir. 2022) (municipality "cannot be liable under *Monell* when there is no underlying constitutional violation" (cleaned up)).

### B. Claim that Will Proceed

Mr. Price's alleges that Officer Tolbert coughed in his face, intending to harm him, and that he later contracted COVID. These allegations, while sparse, are sufficient to raise an inference that Officer Tolbert was aware he was sick and intentionally exposed Mr. Price to his illness. This claim shall proceed under the Eighth Amendment.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 15, 2023,** in which to identify those claims.

The **clerk is directed** to terminate defendants Zatecky, Crabb, Kirkland, Steklar, Sears, Barnes, Deardorff, Switzer, Madden, Edwards, Dee, Michelle, Forquer, Nicole, Murray, Wexford Health Source, Inc., Putnamville Correctional Facility, Indiana Department of Correction, and the State of Indiana on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Officer Tolbert in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve Officer Tolbert electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 1/18/2023

_James Patrick Hanlon_

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRICE PRICE
202243
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Greencastle, IN 46135
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
    Officer Russell Tolbert
    (Putnamville Correctional Facility)