UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRICE PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00346-JPH-MG |
| | ) |
| RUSSELL TOLBERT, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Brice Price alleges that while he was incarcerated at Putnamville Correctional Facility ("PCF"), Correctional Officer Russell Tolbert coughed on him, exposing him to COVID-19 in violation of his Eighth Amendment rights. Mr. Price and Officer Tolbert each seek summary judgment on this claim. For the reasons explained below, Officer Tolbert's motion for summary judgment is **GRANTED in part and DENIED in part** and Mr. Price's motion is **DENIED**.

**I.
Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-

finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Mr. Price and Officer Tolbert have each sought summary judgment. When reviewing cross-motions for summary judgment, all reasonable inferences are drawn in favor of the party against whom the motion at issue was made. *Valenti v. Lawson*, 889 F.3d 427, 429 (7th Cir. 2018) (citing *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017)). The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Loc. Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

## II.
## Factual Background

The parties have filed cross-motions for summary judgment, so the Court takes the motions "one at a time." *American Family Mut. Ins. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016). For each motion, the Court views and recites the evidence and draws all reasonable inferences "in favor of the non-moving party." *Id.*

In September 2020, Mr. Price was living in a general population, dormitory-style unit at PCF with about 100 other inmates. Dkt. 57-1 at at 9 (Price Dep.). In the late morning of September 18, 2020, Mr. Price was walking toward the bathroom in his dorm, where Officer Tolbert was stationed. *Id.* at 10.

Taken in the light most favorable to Mr. Price, the designated evidence is that Officer Tolbert stepped in front of Mr. Price and—standing about two feet away—coughed multiple times on Mr. Price and then said, "What are you going to do about it?" *Id.* at 10–13, 18. Neither Mr. Price nor Officer Tolbert was wearing a facemask. *Id.* at 12.

The designated evidence tells a different story, however, when taken in the light most favorable to Officer Tolbert. Mr. Price told Officer Tolbert that both Mr. Price and his bunkmate had COVID-19, and then Mr. Price intentionally coughed in Officer Tolbert's direction. Dkt. 57-2 at 1. Officer Tolbert then "coughed back in Price's general direction one time" from about 20 feet away, without making any threatening statements to Mr. Price. *Id.* at 1–2.

3

It's undisputed that, at the time of this interaction, Officer Tolbert was not experiencing any symptoms of COVID-19, or any other sickness, and he did not experience COVID-19 symptoms during the next week. Dkt. 57-2 ¶ 10-12 (Tolbert Aff.). Mr. Price began experiencing COVID-19 symptoms the next day, when he lost his senses of smell and taste. Dkt. 57-1 at 19. He tested positive for COVID-19 three or four days after the incident. *Id.* at 20, 23.

Mr. Price brought this case in August 2022, dkt. 2, and is proceeding on Eighth Amendment claims for deliberate indifference and excessive force against Officer Tolbert, dkt. 17 (screening order).

### III.
### Discussion

Officer Tolbert argues that he did not violate Mr. Price's Eighth Amendment rights, and that he is entitled to qualified immunity.

#### A. Deliberate Indifference

The Eighth Amendment imposes certain duties on prison officials, such as the duty to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "This means that a constitutional deprivation inheres in a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020). "A 'deliberate indifference' violation has two components, one objective and one subjective." *Id.* "The objective component is that the prisoner must have been exposed to a harm that was objectively

4

serious." *Id.* "The subjective component is that the prison official must have known of and disregarded an excessive risk to the inmate's health or safety." *Id.*

Mr. Price argues that he's entitled to summary judgment because it's undisputed that Officer Tolbert coughed at him. Dkt. 48. But if a reasonable jury credited Officer Tolbert's evidence that he coughed at Mr. Price from about 20 feet away in response to Mr. Price's cough, then it could find that Officer Tolbert did not "consciously disregard an excessive risk to [Mr. Price's] health and safety" if it. *See Daugherty v. Page*, 906 F.3d 606, 611 (7th Cir. 2018). Mr. Price therefore is not entitled to summary judgment on this claim.

Officer Tolbert, in his cross-motion for summary judgment, does not contest that communicable diseases like COVID-19 present an objectively serious risk of harm. Dkt. 49 at 5. He instead argues that, under the subjective component, no reasonable jury could find that he knew he was exposing Mr. Price to such a risk. *Id.* at 6. Proving the subjective component "requires something approaching a total unconcern for the prisoner's welfare." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)

Here, taking the designated evidence in the light most favorable to Mr. Price, Officer Tolbert stood two feet away and coughed on Mr. Price multiple times. While the designated evidence is that Officer Tolbert had no COVID-19 symptoms at that time or the next week, a reasonable jury could find that Officer Tolbert knew that coughing on Mr. Price presented a substantial risk of serious harm. *See Balsewicz*, 963 F.3d at 654–55. Neither Officer Tolbert nor Mr. Price was wearing a mask as the prison required, and the dorm was on lockdown at

5

the time because people there had COVID. Dkt. 57-1 at 9–10; *see Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("We have great difficulty agreeing that prison authorities may not be deliberately indifferent to an inmate's current health problems but may ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year."). A reasonable jury could also infer indifference to Mr. Price's safety from the designated evidence that Officer Tolbert asked him, "What are you going to do about it?" after coughing in his face. *See Gevas v. McLaughlin*, 798 F.3d 475, 482 (7th Cir. 2015) ("[A] determination of what the defendants actually knew will almost certainly turn on an assessment of each party's credibility, for rarely is there direct, let alone irrefutable, evidence of an individual's subjective mental state."). There is therefore a genuine dispute of fact on Officer Tolbert's subjective knowledge. *See id.*

Officer Tolbert next argues that because he was not sick and Mr. Price showed COVID-19 symptoms the next day, he could not have "inflicted harm on Plaintiff." Dkt. 58 at 6. But the subjective element of deliberate indifference turns on the knowledge of *risk* to the inmate, not the actual infliction of harm. *Balsewicz*, 963 F.3d at 654–55; *see Helling*, 509 U.S. at 33. Regardless, Officer Tolbert has not designated any medical evidence that the timing of Mr. Price's symptoms precludes him from having caught COVID-19 from Officer Tolbert's coughing in his face. *See* dkt. 58 at 6.[1]

---

[1] In a footnote, Officer Tolbert provides a link to a CDC webpage that addresses only *average* incubation times for COVID-19, without explaining how that removes any disputed fact or addressing whether that webpage's contents would be admissible evidence. Dkt. 58 at 6 n.1.

6

Finally, Officer Tolbert argues that he's entitled to qualified immunity "because he did not act plainly incompetent or in knowing violation of the law." Dkt. 58 at 8. "[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). But when it comes to a prison official's mental state, "it is well established what the law requires." *Zaya v. Sood*, 836 F.3d 800, 807 (7th Cir. 2016); *see Brown v. LaVoie*, 90 F.4th 1206, 1214 (7th Cir. 2024) ("If, in attempting to remove the screw as he did, Dr. LaVoie was motivated by a desire to punish Brown or otherwise inflict or prolong pain, then his conduct violated clearly established law under the Eighth Amendment"). For the reasons above, a reasonable jury could find subjective knowledge of a serious risk to Mr. Price. Officer Tolbert therefore is not entitled to qualified immunity on this claim. *See Brown*, 90 F.4th at 1214; *Housley v. Plasse*, 688 F.Supp.3d 830, 837 (S.D. Ind. 2023) (under Supreme Court precedent, "[i]t is clearly established that prison officials may not be deliberately indifferent to the exposure of inmates to a serious, communicable disease under the Eighth Amendment").

Because the designated evidence reveals a triable issue of fact when taken in each party's favor, neither party is entitled to summary judgment on this claim.

### B. Excessive Force

The Eighth Amendment protects inmates from cruel and unusual punishment, including excessive force by prison officials. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). This rule does not bar de minimis force unless the force is "'of a sort repugnant to the conscience of mankind.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (per curiam) (quoting *Hudson v. McMillian*, 503 U.S. 1, 10 (1992)).

Officer Tolbert argues that he's entitled to qualified immunity on this claim because no Supreme Court or Seventh Circuit precedent has held that a cough can constitute excessive force. Dkt. 58 at 7. "[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix*, 577 U.S. at 11. "To overcome the defendant's invocation of qualified immunity, [a plaintiff] must show both (1) that the facts make out a constitutional violation, and (2) that the constitutional right was 'clearly established' at the time of the official's alleged misconduct." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 713 (7th Cir. 2013).

Although "a case directly on point" is not required, "precedent must have placed the . . . constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (cleaned up). Put slightly differently, a right is clearly established only if "every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015). "The Supreme Court's message is unmistakable: Frame the constitutional right in

8

terms granular enough to provide fair notice because qualified immunity 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Campbell v. Kallas*, 936 F.3d 536, 546 (7th Cir. 2017) (quoting *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (quotation marks omitted)).

Mr. Price has not met his burden to identify any case in which either the Supreme Court or the Seventh Circuit has recognized an excessive force claim based on a cough or force similar enough to clearly establish that Officer Tolbert's actions constituted excessive force under clearly established law. *See Campbell v. Kallas*, 936 F.3d at 546. Nor has Mr. Price identified any case indicating that Officer Tolbert's conduct was "of a sort repugnant to the conscience of mankind." *Wilkins*, 559 U.S. at 37–38.

Officer Tolbert is therefore entitled to summary judgment based on qualified immunity on this claim.

## IV.
## Conclusion

Officer Tolbert's motion for summary judgment, dkt. [57], is **GRANTED** on Mr. Price's excessive force claim and **DENIED** on Mr. Price's deliberate indifference claim. Mr. Price's motion for summary judgment, dkt. [48], is **DENIED**.

The Court prefers that Mr. Price be represented by counsel for the remainder of this action. The **clerk is directed** to send Mr. Price a motion for assistance recruiting counsel with his copy of this Order. Mr. Price shall have **twenty-one days** to file a motion for counsel using this form motion or to inform the Court that he wishes to proceed pro se. Once the motion has been

9

ruled on and counsel has been recruited, the magistrate judge is asked to schedule a telephonic status conference to discuss further proceedings.

**SO ORDERED.**

Date: 9/27/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRICE PRICE
202243
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

All Electronically Registered Counsel